**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| NOVA GROUP, INC. - UNDERGROUND CONSTRUCTION CO., INC., A JOINT VENTURE,<br><br>Plaintiff,<br><br>vs.<br><br>TEREAS, INC.,<br><br>Defendant. | **Superior Court Case No. CV1009-18**<br><br>**DECISION AND ORDER RE MOTION TO LIFT STAY AND ENTER JUDGMENT** |

The Court here considers whether it may enter judgment following a breach of the parties' settlement. Finding that a material breach occurred, that such breach is undisputed, and that summary judgment is appropriate in favor of the non-breaching party, Plaintiff Nova Group, Inc. - Underground Construction Co., Inc., A Joint Venture ("Nova"), the Court GRANTS Nova's Motion to Lift Stay and Enter Judgment In Its Favor.

## I. PROCEDURAL BACKGROUND

Nova filed this action seeking compensation from its subcontractor, Defendant Tereas Inc., for paying Tereas' sub-subcontractor after Tereas' non-payment to the sub-subcontractor. The parties reached a "Stipulation to Resolve Action" wherein Tereas agreed to pay Nova $129,200.00 over a monthly payment schedule to end on October 15, 2019. Stip. Resolve Action ¶¶ 1, 2 (Mar. 26, 2019). The Stipulation further states that "The parties acknowledge and agree that payment may be delayed under the following conditions 1) the Government of Guam delay payments to Tereas based on the Government's inability to pay funds under the contract P601

**ORIGINAL**

ANH #2 or 2) because weather delays payment under said contract." Stip. Resolve Action ¶ 3. Finally, the parties agreed to stay the lawsuit until Tereas made full payment. Stip. Resolve Action ¶ 6.

October 15, 2019 has passed and Tereas admits that it failed to make all payments under the payment schedule. Opp'n (Sept. 10, 2019). Nova has not been paid any amount by Tereas. Decl. Thiel Harryman, Exs. E, F (Aug. 12, 2019). Nova asks the Court to lift the stay and enter judgment in its favor for the full amount under the Stipulation. Tereas counters, without providing any evidentiary support, that it has not been paid by the Government of Guam. *See* Opp'n.

## II.   <u>LAW AND DISCUSSION</u>

The Court has the inherent power to enforce settlements in cases before it. *Voicestream Minneapolis, Inc. v. RPC Properties, Inc.*, 743 N.W.2d 267, 272 (Minn. 2008). While the term "settlement" is not mentioned in the Stipulation to Resolve Action, neither party contests that the document is anything less than a full settlement of the parties' underlying dispute. The Court therefore considers the Stipulation as a settlement and exercises its inherent authority in enforcing its terms.

Nova asks the Court to issue a Judgment. While the Court has the inherent authority to enforce a settlement, the Stipulation itself does not address enforcement or reduction of the Stipulation to a Judgment in the event of default. However, when faced with a breached settlement agreement, a court may summarily enforce the agreement particularly when there is no genuine disputed question of material fact. *Fid. & Guar. Ins. Co. v. Star Equip. Corp.*, 541

ORIGINAL

F.3d 1, 5 (1st Cir. 2008).[1] The Court will therefore analyze the breach under the lens of a summary judgment analysis, using Guam Rule of Civil Procedure 56's mechanism of shifting burdens of proof and evidence production.

Under that rule, summary judgment is appropriate if there are no genuine issues of material fact after having reviewed the evidence presented to the Court. Here, the primary question is whether Tereas may avail of the language allowing deferred payment in the event it fails to receive payment from the Government of Guam on a separate contract. To avail of the agreed-upon delay in paying Nova, Tereas possessed the burden to demonstrate it has not been paid by the Government of Guam or has not yet been paid due to weather. However, other than a conclusory statement provided in its one-page Opposition Memorandum, Tereas offered no proof that the Government has failed to pay Tereas, which in turn rendered it unable to pay Nova under the prescribed payment schedule. The lack of proof renders the Court unable to find that Tereas is entitled to delay payments to Nova.

This also makes Tereas' default an established, undisputed fact. Since there is no genuine issue of material fact to be determined, summary judgment is therefore appropriate in Nova's favor.

---

[1] Summary judgment is the statutorily-approved method of enforcing a settlement agreement in other courts. *See, e.g., Eaton v. Mallinckrodt, Inc.,* 224 S.W.3d 596, 599-601 (Mo. 2007) (en banc); *Corkland v. Boscoe,* 156 Cal. App. 3d 989, 995 (1984).

ORIGINAL

## III.    CONCLUSION

Determining that there is no genuine issue of material fact as to Tereas' wholescale default under the Stipulation to Resolve Action, the Court GRANTS Nova's Motion to Lift Stay and Enter Judgment. A judgment will issue.[2]

SO ORDERED this 24th day of October 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

P⸱⸱⸱⸱ ⸱⸱⸱ ⸱⸱⸱
⸱⸱⸱ ⸱dge that a cop⸱ ⸱⸱ ⸱
⸱⸱ ⸱⸱reto was placed in ⸱⸱
⸱⸱ ⸱f:
CALVO FISHER
YANZA
10/24/19 4PM

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Rodney J. Jacob, Esq., Calvo Fisher & Jacob LLP, for Plaintiff Nova Group, Inc. - Underground Construction Co., Inc., A Joint Venture
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, P.C., for Defendant Tereas, Inc.

---

[2] As represented at the Motion hearing, Nova waives its request for attorney's fees, but reserves the right to resurrect this request in the event of a future default. Based on that waiver, the Court will strike language awarding attorney's fees to Nova in its proposed judgment.

ORIGINAL